**FILED**

**JUN 30 2010**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| LARA C. PESCE, | * | CIV 08-4177 |
|  | * |  |
| Plaintiff, | * |  |
|  | * | ORDER |
| -vs- | * |  |
|  | * |  |
| MEDICAL CARE OPTIONS, INC., d/b/a | * |  |
| INNOVATIVE HOME HEALTH & | * |  |
| STAFFING | * |  |
|  | * |  |
| Defendant. | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On September 22, 2009, the Court granted in part and denied in part Plaintiff's Motion for Default Judgment. The Court granted judgment as it pertained to Plaintiff's claims for sexual harassment and discrimination, intentional infliction of emotional distress, and punitive damages, and denied Plaintiff's request for default judgment as it pertained to Plaintiff's retaliation and wrongful termination claims. The Court awarded Plaintiff $50,000 in compensatory damages for her intentional infliction of emotional distress claim, $50,000 in punitive damages, and $90,250 for her Title VII sexual harassment and discrimination claim. The Court requested that counsel submit written documentation in support of its request for attorney's fees which it would rule on at a later time.

On September 23, 2009, counsel for Plaintiff filed an Affidavit claiming attorneys fees of $64,416.67 pursuant to a one-third contingent fee arrangement. Citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983) and *City of Burlington v. Dague,* 505 U.S. 557, 565, 566 (1992), the Court ordered Plaintiff on October 26, 2009, to provide information regarding the total time spent pursuing this civil action and obtaining judgment. Counsel for Plaintiff submitted an Affidavit stating that

1

he spent 48.8 hours on the case at a rate of $200 for a total of $9,760.

It is hereby ORDERED that Plaintiff is awarded $43,093 in attorneys fees:

(1)     A total of $9,760 in attorneys fees are awarded for Plaintiff's Title VII claim.

(2)     A total of $33,333 in attorneys fees are awarded for Plaintiff's non-Title VII claims pursuant to the one-third contigent fee agreement that Plaintiff executed with her attorneys. This award is especially appropriate given the apparent difficulty of collection on the judgment for the client in this case.

Dated this 30th day of June, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____
(SEAL)     DEPUTY